# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JASON HUNTER, SR.,**

    **Plaintiff,**

vs.                                                           **Case No. 4:24cv281-MW-MAF**

**FLORIDA STATE SUPREME
COURT, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a hand written complaint, ECF No. 1, on July 17, 2024. Plaintiff did not, however, pay the filing fee for this case or file an in forma pauperis motion. An Order was entered on July 19, 2024, advising Plaintiff that if he wanted to proceed, he must do one or the other. ECF No. 3. Plaintiff's deadline to either pay the filing fee or file an in forma pauperis motion was August 27, 2024. *Id.* As of this date, nothing further has been received from the Plaintiff, despite being advised that if he failed to comply, a recommendation would be entered to dismiss this case. *Id.*

Furthermore, Plaintiff was also required to file a proper complaint on the Court form, clearly identifying the Defendants, stating what each Defendant did or failed to do, and explaining what harm Plaintiff suffered. ECF No. 3.  Again, Plaintiff did not comply with that Order as well.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed.  ECF No. 3.  Because Plaintiff has not filed a proper complaint or in forma pauperis motion after being warned of the consequences, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 5, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**